UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

ADOLPHUS BLACK,

               Defendant.

Criminal Action No. 3:04-CR-100–JRS
Civil Action No. 3:08-CV-25-JRS

**MEMORANDUM OPINION**
**(Dismissing Successive 28 U.S.C. § 2255 Motion)**

THIS MATTER is before the Court on Defendant Adolphus Black's Motion for "Jurisdictional Challenge Rule 60(b)(5), (6)." (ECF No. 109). By Memorandum Opinion and Order entered on September 9, 2009, the Court denied a 28 U.S.C. § 2255 motion filed by Defendant. On December 30, 2011, the Court denied a Letter Motion to Appoint Counsel to Assist with Motion to Correct Sentence as a successive Motion pursuant to § 2255. On October 3, 2013, Defendant filed a Motion for "Jurisdictional Challenge Rule 60(b)(5), (6)." This Motion is yet another successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). In that vein, "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Id.* (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). The Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion or an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted) (citing *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002); *Eberhardt v. Integrated Design & Constr. Inc.*, 167 F.3d 861, 870 (4th Cir. 1999)).

Defendant does not raise procedural defects in this Court's § 2255 review process. Rather, Defendant continues to challenge his underlying conviction. Therefore, Defendant's Rule 60(b) Motion (ECF No. 109) must be treated as a successive § 2255 motion. *See id.* Because the Court has not received authorization from the Fourth Circuit to file the Motion, the action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Defendant fails to satisfy this standard, a certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this __13th__ day of November 2013.